IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**NATIONAL PUBLIC RADIO, INC.**,
1111 North Capitol Street NE
Washington, DC 20002

**REBECCA HERSHER**,
c/o National Public Radio, Inc.
1111 North Capitol Street NE
Washington, DC 20002, and

**JINGNAN HUO**,
c/o National Public Radio, Inc.
1111 North Capitol Street NE
Washington, DC 20002,

    Plaintiffs,

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**,
451 7th Street SW
Washington, DC 20410,

    Defendant.

Case No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs National Public Radio, Inc., Rebecca Hersher, and Jingnan Huo (together, "NPR" or "Plaintiffs"), by their undersigned counsel, allege as follows:

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of records from Defendant the U.S. Department of Housing and Urban Development ("HUD").

2. Through FOIA, NPR seeks basic information about HUD's administration of a program whereby HUD sells residential property that it acquired as a result of foreclosure actions on

FHA-insured mortgages (herein, "HUD Homes Program").

3. On August 6, 2020, NPR filed a FOIA request for sales information about these foreclosed homes, which HUD maintains in an agency database, including the address, latitude and longitude, listing and sale prices, and dates of acquisition and closing for each property (the "FOIA Request").

4. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (citation omitted).

5. NPR plays a critical role in providing information to citizens about "what their government is up to." Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

6. Through the FOIA Request (and through this litigation), NPR seeks to fulfill its journalistic function and to shine a public light on the operations of the federal government's HUD Homes Program.

7. This action is necessary because, even though more than 20 business days have elapsed since HUD received the FOIA Request, HUD has failed to provide NPR with a determination as to whether it will comply. NPR seeks to compel disclosure of the information that HUD has refused to disclose in violation of FOIA.

**PARTIES**

8. Plaintiff NPR is a non-profit multimedia organization and the leading provider of non-commercial news, information, and entertainment programming to the American public. NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow

the most critical stories of the day, and track complex issues over the long term. NPR reaches approximately 60 million people each week on broadcast radio, podcasts, NPR apps, NPR.org, and YouTube video content. NPR distributes its radio broadcasts through more than 1,000 non-commercial, independently operated radio stations, licensed to more than 260 NPR members and numerous other NPR-affiliated entities.

9. Plaintiff Rebecca Hersher is a reporter on NPR's Science Desk. Hersher was part of the NPR team that won a Peabody award for coverage of the Ebola epidemic in West Africa, and produced a story from Liberia that won an Edward R. Murrow award for use of sound.

10. Plaintiff Jingnan Huo is an assistant producer on NPR's investigations team. She was the primary data reporter on Coal's Deadly Dust, a project investigating black lung disease's resurgence. The project won an Edward Murrow Award and NASEM Communications award.

11. Defendant HUD is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). HUD has possession and control over the records NPR seeks and is responsible for fulfilling NPR's FOIA request.

## JURISDICTION AND VENUE

12. This action arises under FOIA. This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This Court also has jurisdiction over this action under 28 U.S.C. § 1331.

13. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## FACTUAL ALLEGATIONS

**HUD Homes Program**

14. Under the HUD Homes Program, HUD sells "residential property acquired by HUD as a result of a foreclosure action on an FHA-insured mortgage. HUD becomes the property owner and offers it for sale to recover the loss on the foreclosure claim." *See* Dep't of Hous. & Urban Dev., *Hud Homes (REO)*, https://www.hud.gov/program_offices/housing/sfh/reo (last visited Sept. 14, 2020).

15. HUD's Single Family Acquired Asset Management System (SAMS) database maintains public-record information regarding HUD Homes Program property sales.

16. Many of the purchasers of HUD Homes Program properties are corporations or other entities.

**The FOIA Request**

17. On August 6, 2020, Plaintiffs Rebecca Hersher and Jingnan Huo submitted, by e-mail, the FOIA Request to HUD on NPR's behalf. The FOIA Request sought the following documents (including electronic records):

- All the property sales records in the Single Family Acquired Asset Management System (SAMS) from Jan. 1st, 2017 to Aug. 6, 2020. Each sales record should contain the following fields or attributes-
    - address,
    - case number,
    - city,
    - date acquired,
    - date closed,
    - date reconciled,
    - zip code,
    - state code,
    - latitude,
    - longitude,
    - street name,
    - street number,
    - listing price,
    - sale price[, and]
- [A]ny other attributes that the SAMS database contains except for names of buyers and sellers.

A true and correct copy of the FOIA Request is attached hereto as Exhibit 1.

18. HUD acknowledged receipt of the FOIA Request on August 6, 2020 and assigned it FOIA request processing number 20-FI-HQ-01648. A true and correct copy of HUD's acknowledgment letter is attached hereto as Exhibit 2.

19. Having heard nothing from HUD by HUD's deadline to respond, counsel for NPR

contacted the HUD FOIA office to try to get an update on the status of the request. Counsel for NPR was directed to Ms. Shelby Glover.

20. On September 23, 2020, counsel for NPR attempted to contact Ms. Shelby Glover to inquire about the status of the request.

21. On September 24, 2020, Ms. Glover responded that the program office needed to know what "other attributes that the SAMS database contains" means in NPR's request. On September 28, 2020, NPR responded that such description is just a catch-all and it reiterated the specific fields in the SAMS database from its original request.

22. Ms. Glover advised that the program office had set a new deadline for its response of October 2, 2020.

23. On October 5, 2020, counsel for NPR contacted Ms. Glover and requested a status update.

24. NPR has received no further information about the status of its request. NPR has received no determination from HUD about its request.

25. The HUD online portal provides no further information about the status of this past due response.

26. Under FOIA, an agency must provide a determination regarding a FOIA request within 20 working days of receipt — or within 30 working days if it can show "unusual circumstances." *See* 5 U.S.C. § 552(a)(6)(A)(i) & (a)(6)(B)(i). A requester is deemed to have exhausted its administrative remedies and may file suit if the agency fails to render its determination before the deadline. 5 U.S.C. § 552(a)(6)(C)(i).

27. The deadline to communicate a determination regarding this FOIA Request expired on September 4, 2020. HUD missed the deadline. HUD also missed the new October 2, 2020 deadline that it tried to set for itself. With this constructive denial of the FOIA Request, NPR has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

### COUNT 1
### (Declaratory and Injunctive Relief:
### Violation of the Freedom of Information Act, 5 U.S.C. § 552)

28. NPR realleges and incorporates by reference the allegations contained in all previous paragraphs as if fully set forth herein.

29. NPR's FOIA Request seeks "agency" records within Defendant HUD's possession and control.

30. Defendant HUD has failed to produce any responsive records to NPR's FOIA Request. NPR has a legal right under FOIA to obtain the agency records they requested in the FOIA request, and there exists no legal basis for Defendant HUD's failure to timely respond to NPR's FOIA Request and to make responsive records available.

31. Defendant HUD's failure to make promptly available the records sought by NPR's FOIA Request violates FOIA, 5 U.S.C. § 552(a)(3) & (a)(6)(A)(i), and applicable regulations promulgated thereunder.

32. NPR is entitled to declaratory relief finding that Defendant HUD has violated FOIA and that NPR is immediately entitled to receive all records responsive to its request.

33. NPR is further entitled to injunctive relief, ordering HUD to immediately produce copies of all records responsive to NPR's FOIA Request without further delay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and:

    A.    Declare that Defendant HUD violated FOIA by unlawfully withholding the requested records;

    B.    Order Defendant HUD to immediately disclose the requested records to Plaintiffs and enter an injunction, under 5 U.S.C. § 552(a)(4)(B), prohibiting Defendant HUD from continuing to withhold the requested records.

    C.    Award Plaintiffs their reasonable attorneys' fees and costs under 5 U.S.C.

§ 552(a)(4)(E); and

        D.      Grant such other relief as the Court may deem just and proper.

DATED this 28th day of October, 2020.

                                    Respectfully submitted,

*/s/ Christina M. Carroll*
Christina M. Carroll (D.C. Bar No. 473337)
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 496-7212
christina.carroll@dentons.com

Natalie J. Spears (Ill. Bar No. 6230320)
Gregory R. Naron (Ill. Bar No. 6207440)
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
natalie.spears@dentons.com
gregory.naron@dentons.com

*Attorneys for Plaintiffs*